McCULLEN et al., Respondents v. ANDERSON, GOVERNOR, Appellants

(62 N. W.2d 881)

(File No. 9397.  Opinion filed February 24, 1954)
Rehearing denied March 17, 1954

**Ralph A. Dunham,** Atty. Gen., **W. O. Knight,** Asst. Atty. Gen., for Defendants-Appellants.

**George A. Bangs, W. A. McCullen,** Rapid City, for Plaintiffs-Respondents.

RUDOLPH, J.  The authority of the State Highway Commission to change the numbers of certain highways which are a part of the State Trunk Highway System is questioned in this proceeding.  The trial court determined that the order of the Commission changing the numbers of the highways was nullity and set it aside. The Commission has appealed.

The facts are as follows:  U. S. Highway No. 16 runs southwesterly from Rapid City, through Keystone over Iron Mountain and through the Custer State Game Park to Custer.

Approximately seven miles north of Keystone there is a junction of Highway 16 and another highway now designated as Highway 16A. Both 16 and 16A are a part of the State Trunk Highway System. Highway 16A runs west from this junction about six miles where it connects with Highway 85A, and then runs south through Hill City into Custer, where it joins Highway 16. The order of the Commission concerned in this dispute designated that portion of the State Trunk Highway System from the junction through Keystone and on to Custer as No. 16A, and the portion of the system west to 85A and on to Custer as No. 16. The Commission gave no notice of hearing before entering the order.

Respondents rely upon SDC 28.0210, as amended by Ch. 107, Laws of 1939, as justification for the court's holding. This section of our code provides:

"No changes shall be made in the State Trunk Highway System, except that the Commission may make such relocations and alterations in portions of the system as it may deem necessary for the purpose of shortening the system distances between the interconnected county seats and connected cities of seven hundred fifty or more population, or to make continuous the route of any State Trunk Highway through any city of over 2,500 population or to improve the highway grade, or to eliminate a railroad crossing or crossings, or to avoid heavy city street traffic. No change shall be made so that the system shall cease to interconnect every county seat or to connect every city having a population of 2,500 or more by the last state census. In case a change in any State Trunk Highway shall be made to include the connecting street or streets within a municipality of over 2,500 population, the State Highway Commission shall not be charged with the maintenance of such streets but the maintenance of same shall be the duty of the city within whose boundaries they lie.

"Before any change is made the Commission shall fix a time and place for hearing, and give notice of such hearing in at least three legal weekly

newspapers in each of the counties in which any part or portion of the change, relocation, or alteration of the Trunk Highway System is proposed, for two successive weeks, the last publication of which shall be at least ten days prior to the date set for hearing. Any person interested may appear at such hearing for or in opposition to the proposed change, relocation, or alteration. If, after such investigation or hearing, any alterations or additions are deemed expedient, the change shall be entered in writing upon the records and maps of the Commission, and each County Auditor shall be immediately notified to alter the official map on file with him in accordance therewith."

It should be noted that the above statute prohibits the State Highway Commission from making any change in the State Highway System except in those certain instances therein provided and then only after notice and hearing. It does not appear that the change made by the Commission in the numbers of these highways falls within any of the exceptions provided. Changing these numbers does not shorten "system distances" between county seats or towns of over 750 population. Whether one drives from Rapid City to Custer over 16 and 16A, which are both a part of the highway system, or over 16 as designated by the new order, the system distance is the same. Nor is there any showing in this record that the proposed change in numbers will make continuous the route of any State Trunk Highway through any city of over 2,500 population or improve the highway grade, or eliminate a railroad crossing or crossings, or avoid heavy city street traffic.

The change made in these numbers not falling within any of the exceptions found within SDC 28.0210, it follows, that the Commission cannot justify the order under this statute. If changing the numbers constitutes a change in the State Trunk Highway System within the contemplation of the above SDC 28.0210, the Commission is without authority to make such change and giving notice or not giving notice is not material. The reference to notice in the law has to do only with changes made by the Commission which

fall within the exceptions wherein the Commission is authorized to make changes.

■ ■ The question presented is whether changing the numbers of these highways constitutes a change in the State Trunk Highway System. It is argued that tourists and others not familiar with the territory in which they are traveling travel the highways by number. We may concede such to be the fact but we do not believe it establishes that the number designating the highway falls within the meaning of the "State Trunk Highway System" as that term is used in our law. Ch. 113, Laws of 1949, establishes the State Trunk Highway System. This law establishes 58 different segments of the system with the initial and terminal point fixed in each instance, and no reference is made to the highways by number. Under the provisions of SDC 28.0904, it is the duty of the Highway Commission to give to the various segments of the State Trunk Highway System certain numbers, and to keep such highways marked with the numbers thus given. There is nothing in this section to indicate that the numbers given the highways by the Commission become a part of the system as such, or that a number once given should remain unchanged. As we view the statutes the State Trunk Highway System, as that term is used in the statutes, relates to the physical location of the various highways and not to the numbers attached thereto by the Commission. As stated above the authority to designate by number the different segments of the highway system rests in the Commission. This authority should not, of course, be exercised arbitrarily, and because of the reliance of the traveling public upon a number given to a highway, such number perhaps should not be changed by the Commission except for a good reason. However this may be, there is no showing in this record that the Commission acted arbitrarily or without reason.

It is true that the different segments of the State Trunk Highway System which have been designated by number by the Commission are generally referred to by number, and the legislature has on occasions referred to highways by their given numbers. Chapters 142 to 152 inclusive, Laws of 1951; Chapters 157 to 174 inclusive, Laws of 1953. However, we

are convinced that such fact does not make the numbers a part of the system. It is nothing more than a convenient means of reference.

As stated above we are convinced that the State Trunk Highway System as used in our statutes refers to the physical location of the different segments, and unless there is a change in the physical location of the highway or a part thereof there is no change in the system. Changing the number of a highway which is a part of the system does not change the physical location of the highway and does not therefore change the system. The system remains as established by the legislature, it is only the number that has been changed.

The judgment appealed from is reversed.

All the Judges concur.